UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------

DERRICK BURTON,
*individually and on behalf of all others similarly situated*,
                      Plaintiff,

-v-

PGT TRUCKING, INC., and SUDBURY EXPRESS, INC.,
                      Defendants.

16-CV-9985 (JPO)

OPINION AND ORDER

---------------------------------------------------------

J. PAUL OETKEN, District Judge:

    Plaintiff Derrick Burton filed this action in New York State Supreme Court, County of Kings on December 3, 2016, alleging violations of New York Labor Law. (Dkt. No. 1.) Invoking diversity jurisdiction, Defendants PGT Trucking, Inc. and Sudbury Express, Inc. subsequently removed the case to federal court. (*Id.*) Plaintiff has moved to remand the case to state court and to award attorney's fees and costs. For the following reasons, that motion is granted.

**I.    Background**

    Plaintiff, a resident of Kings County in the State of New York, was employed by Defendants PGT Trucking, Inc. and Sudbury Express Inc. from July to November 2016. (Dkt. No. 1-1 ¶¶ 5, 15.) PGT Trucking, Inc. and Sudbury Express, Inc. are domiciled in Pennsylvania and Indiana, respectively, and they both provide freight transportation services in the State of New York. (Dkt. No. 1-1 ¶¶ 6−7, 12.) Plaintiff filed this action for unpaid overtime, minimum wages, and spread of hours compensation under New York Labor Law §§ 650 *et seq.*, 12 NYCRR 142-2.1, 12 NYCRR 142-2.2, and 12 NYCRR 142-2.4; penalties for wage statement

1

and notice violations under New York Labor Law § 195; and liquidated damages and attorney's fees under New York Labor Law § 198. Plaintiff asserted no federal claims.

Defendants removed this case to federal court pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441, alleging that there is "diversity of citizenship between Plaintiff and Defendants" and that the "amount in controversy . . . exceeds the $75,000 statutory threshold." (Dkt. No. 1 at 2−3.) Plaintiff now moves to remand for lack of subject matter jurisdiction. (Dkt. No. 26.)

## II. Legal Standard

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Once a case has been removed, it must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 229 (2007) (quoting 28 U.S.C. § 1447(c)).

The party invoking federal jurisdiction bears "the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Tongkook Am. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994). "[O]ut of respect for the limited jurisdiction of the federal courts and the rights of states, [a court] must 'resolv[e] any doubts against removability.'" *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (last alteration in original) (quoting *Somlyo v. J. Lu–Rob Enters., Inc.*, 932 F.2d 1043, 1045–46 (2d Cir. 1991)).

## III. Discussion

### A. Motion To Remand

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

Defendants allege that this Court has original jurisdiction under 28 U.S.C. § 1332(a), which grants subject matter jurisdiction over civil actions in which the amount in controversy exceeds $75,000 and is between citizens of different states. Plaintiff argues that the total amount in controversy does not exceed the $75,000 threshold, and, therefore, the Court lacks subject matter jurisdiction over this case.[1] (Dkt. No. 27 at 1−2.)

Defendants calculated the amount in controversy to be $36,124 plus attorney's fees. (Dkt. No. 1 at 3−6). According to Defendants, Plaintiff's alleged damages include $6,531 in wage claims; $10,000 for violations of New York's notice and statement requirements; and up to three hundred percent liquidated damages, for an additional $19,593. (*Id.*) Based on these damages, Defendants argue that "it is not unreasonable to expect that Plaintiff's claim for attorney's fees . . . would likely exceed $38,876" to meet the $75,000 threshold. (*Id.* at 6.)

Defendants have improperly calculated both the principal recovery available to Plaintiff and the attorney's fees available to his lawyers.

---

[1] Plaintiff also argues that Defendants did not properly plead the citizenship of any of the three parties. First, as for Defendants' citizenship, Defendants allege that PGT Trucking Inc. is incorporated in Pennsylvania with its principal place of business in Aliquippa, Pennsylvania, and Sudbury Express, Inc. is incorporated in Indiana with its principal place of business in Gary, Indiana. These allegations are sufficient to establish the Defendants' citizenship. *See Harris v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012).

Second, as for Plaintiff's citizenship, Defendants allege that Plaintiff is a *resident* of New York, but they do not allege his *citizenship*. For diversity purposes, an individual's citizenship is determined by domicile, not residency, and "allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) (citing *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996)); *see also Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). If this case were to proceed, the Court would order Plaintiff to submit an affidavit indicating his state of citizenship. However, because the Court remands the case on other grounds, it need not determine Plaintiff's citizenship.

3

First, in calculating Plaintiff's potential damages, Defendants erroneously tripled liquidated damages. (Dkt. No. 27 at 4.) Under New York Labor Law §§ 198 and 663, absent a showing of the employer's good faith, a party prevailing on a wage claim can recover "liquidated damages equal to one hundred percent of the total amount of the wages found to be due." New York Labor Law § 198 provides that "such liquidated damages may be up to three hundred percent" in one special circumstance: "for a willful violation of section one hundred ninety four of this article." But § 194 prohibits differential in rate of pay because of sex, and that section is not at issue in this case.[2] Therefore, Plaintiff's potential liquidated damages are limited to one hundred percent of unpaid wages—capping total damages at $23,062 plus attorney's fees.

Second, for the amount in controversy to be met in this case, Defendants must prove that there is a reasonable probability that Plaintiff would be entitled to $51,939 in attorney's fees. "A potential award of attorney's fees may be considered . . . when determining whether a case involves the jurisdictional minimum," *Gardiner Stone Hunter Int'l v. Iberia Lineas Aereas De Espana, S.A.*, 896 F. Supp. 125, 128 (S.D.N.Y. 1995), but "only if they are reasonable, and only if they are provided for by contract or state statute,"[3] *Trapanotto v. Aetna Life Ins. Co.*, No. 95 Civ. 10704, 1996 WL 417519, at *9 (S.D.N.Y. July 25, 1996).

---

[2]  The legislative history of § 198 further confirms that three hundred percent liquidated damages are available only for claims of unequal pay. Section 198 was amended to allow one hundred percent liquidated damages under the Labor Law – Wage Theft Prevention Act, 2010 N.Y. Laws 564. The language permitting three hundred percent damages for willful violations of § 194 was added separately by the Achieve Pay Equity Act, 2015 N.Y. Laws 362.

[3]  Because New York Labor Law §§ 198 and 663 expressly allow for an award of attorney's fees, Defendants did not err by including those fees in their calculation of the amount in controversy. *See DiPonzio v. Bank of Am. Corp.*, No. 11 Civ. 06192, 2011 WL 2693912, at *3 (W.D.N.Y. July 11, 2011); *see also Givens v. W.T. Grant Co.*, 457 F.2d 612, 614 (2d Cir. 1972) (holding that attorney's fees may not "be included in determining the jurisdictional amount unless they are recoverable as a matter of right"), *vacated on other grounds*, 409 U.S. 56 (1972).

Defendants posit that Plaintiff may recover almost $52,000 in attorney's fees for prosecuting a $23,062 claim. For purposes of determining the amount in controversy, however, "[t]he rule in New York is that an award of fees 'in excess of the amount involved in a litigation would normally appear to be unreasonable.'"[4] *Jeffrey's Auto Body, Inc. v. Progressive Cas. Ins. Co.*, No. 12 Civ. 776, 2013 WL 592677, at *5 (N.D.N.Y. Feb. 14, 2013) (quoting *Diamond D. Enterprises USA, Inc. v. Steinsvaag*, 979 F.2d 14, 19 (2d Cir. 1992)); *see also Ferrara v. Munro*, No. 16 Civ. 950, 2016 WL 6892073, at *5 (D. Conn. Nov. 22, 2016). Plaintiff states that his attorney's fees as of the date of his motion to remand totaled less than $21,000 (Dkt. No. 28 ¶ 11), and Defendants provide no evidence to demonstrate a reasonable probability that Plaintiff will reasonably accumulate $30,000 additional fees in the future. Based on their (erroneously inflated) calculation of $36,241 in potential damages, Defendants simply assert that "it is not unreasonable to expect that Plaintiff's claim for attorney's fees and pre-judgment interest would likely exceed $38,876." (Dkt. No. 1 at 6.)

This argument is entirely speculative. While it is *possible* that the Court could award attorney's fees in excess of the damages awarded, Defendants have not shown a reasonable probability that Plaintiff would be awarded over $51,000 in attorney's fees. Defendants have failed to provide "any basis to estimate reasonably the amount of work required for the case, the value of the work . . . , or the likely amount of attorneys' fees, much less what fees would be

---

[4] Of course, this presumption may be rebutted in special circumstances. Defendants correctly point out that "attorneys' fees need not be proportional to the damages plaintiffs recover" in all cases, *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d. 509, 512 (S.D.N.Y. 2011), and they cite two labor law cases in which the court awarded attorney's fees in excess of the amount of damages. (Dkt. No. 1 at 5.) *See Barfield v. New York City Health and Hosp. Corp.*, 537 F.3d 132, 153 (2d Cir. 2008) (finding an award of $49,889 in attorney's fees reasonable in a FLSA action resulting in a $1,600 damages award); *Tlacoapa v. Carregal*, 386 F. Supp. 2d 362, 374 (S.D.N.Y. 2005) (awarding $15,427 in damages and $37,558 in attorney's fees).

5

'reasonable.'" *Trapanotto*, 1996 WL 417519, at *9–10. Thus, Defendants have not met "[their] burden of proving a reasonable probability that the amount in controversy exceeds the jurisdictional limit." *Ins. Co. v. Waterfield*, 371 F. Supp. 2d 146, 149 (D. Conn. 2005). Lacking subject matter jurisdiction, this Court grants Plaintiff's motion to remand.

### B. Motion for an Award of Attorney's Fees and Costs

Under the federal removal statute, a court ordering remand is authorized to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. § 1447(c). Fees are generally awarded "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Applying "a test of overall fairness," *Morgan Guar. Tr. Co. of N.Y. v. Republic of Palau*, 767 F. Supp. 561, 563 (S.D.N.Y. 1991), *aff'd*, 971 F.2d 917 (2d Cir. 1992), the Court concludes that an award of attorney's fees is warranted in the present matter. Defendants' calculation of triple liquidated damages was clearly erroneous under New York Labor Law. Furthermore, Defendants' assertion—without any supporting evidence—of an amount of attorney's fees more than double the amount of the underlying damages was objectively unreasonable. Finally, ignoring the requirements of 28 U.S.C. § 1441(a), Defendants improperly removed this matter from Kings County to the Southern District of New York instead of "the district . . . embracing the place where such action [was] pending": the Eastern District of New York.

Improper removal "delays the resolution of the case, imposes additional costs on both parties, and wastes judicial resources." *Martin*, 546 U.S. at 140. In light of the unreasonableness of Defendants' removal, Plaintiff's motion for attorney's fees is granted.

### IV. Conclusion

For the foregoing reasons, Plaintiff's motion to remand is GRANTED. The Clerk of the Court is directed to close the motion at Docket Number 26 and to remand the case to the Supreme Court of the State of New York, Kings County.

Plaintiff's motion for attorney's fees and costs is GRANTED. This Court retains jurisdiction solely for the purpose of acting on Plaintiff's motion for fees and costs. *See Bryant v. Britt*, 420 F.3d 161, 165 (2d Cir. 2005). Plaintiff's petition for fees and costs shall be filed within fourteen days of the date of this order. Defendants' response shall be filed within fourteen days of the filing of Plaintiff's petition.

SO ORDERED.

Dated: June 11, 2018
       New York, New York

_____
J. PAUL OETKEN
United States District Judge